IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTAY A. TAYLOR, | ) | CASE NO. 5:16 CV 2589 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ALAN J. LAZAROFF, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Dontay A. Taylor for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Taylor was convicted by a Summit County Court of Common Pleas jury in 2014 of murder, felonious assault, and having weapons while under disability.[3]  He is serving a sentence of 38 years to life and is currently incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio.[4]

In his petition, Taylor raises seven grounds for habeas relief.[5]  The State has filed a return of the writ, arguing that the petition should be dismissed because grounds one through

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson by non-document order dated October 25, 2016.

[2] ECF No. 1.

[3] *Id.*

[4] https://appgateway.drc.ohio.gov/OffenderSearch

[5] ECF No. 1.

six are procedurally defaulted and ground seven is non-cognizable.[6]  Taylor has filed a traverse.[7]

For the reasons that follow, I will recommend the dismissal of Taylor's petition in its entirety as procedurally defaulted.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[8]

In 2012, Dontay Taylor rode with two acquaintances to the Embassy Lounge in Akron.[9]  The lounge's employees denied Taylor admittance, but his companions, Rishawn Norwood and Anton Banks, were allowed to enter.[10]  Taylor argued with the lounge manager for several minutes, then walked toward their parked vehicle.[11]  Norwood and Banks followed.[12]  Although Norwood and Banks got into the vehicle, Taylor opened his door, then turned and approached the lounge entrance again.[13]  About that time, someone fired multiple

---

[6] ECF No. 22.

[7] ECF No. 26.

[8]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court.  28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF No. 22, Attachment 1 at 116.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

gunshots toward the entrance.[14]  Immediately after the shots were fired, Taylor ran back toward the vehicle and climbed in the backseat.[15]  Norwood sped away from the scene.[16] When Banks received a call telling him that the lounge manager's half-brother, Rashaan Price, had been killed in the shooting, he told Norwood to stop the car, and the three men dispersed on foot.[17]

When police began investigating the shooting, they found the witnesses uncooperative and concerned for their safety.[18]  During an initial interview, police informed Norwood that he would face complicity charges if they learned that he had not provided them with an accurate description of the evening's events.[19]  Norwood then provided more detail to the statement he had already given, stating that he saw Taylor retrieve a gun from the car and that he saw Taylor fire shots into the lounge.[20]  Norwood ultimately was charged with three felonies, including complicity to commit felonious assault, but the State permitted him

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 116-117.

[18] *Id.* at 117.

[19] *Id.*

[20] *Id.*

to plead guilty to a reduced charge in lieu of indictment and in exchange for his testimony against Taylor at trial.[21]

Taylor was indicted on one charge of murder and three charges of felonious assault, all accompanied by firearm specifications.[22]  In addition, he was also indicted for having a weapon under disability.[23]  After trial, during which Norwood testified against him, a jury found Taylor guilty of all of the charges.[24]  The trial court merged the murder conviction with one count of felonious assault and sentenced Taylor to an indefinite prison term of 38 years to life.[25]

## B.  Direct Appeal

### 1.  *Ohio Court of Appeals*

Taylor, through new counsel, filed a timely[26] notice of appeal[27] with the Ohio Court of Appeals.  In his brief, Taylor assigned of five assignments of error:

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.  *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case).  Taylor's conviction and sentence were journalized on February 26, 2014 (ECF No. 22, Attachment 1 at 40) and the notice of appeal was filed on March 14, 2014.  *Id.* at 43.

[27] ECF No. 22, Attachment 1 at 43.

1.     The trial court committed plain error by failing to instruct the jury regarding the credibility of the accomplice testimony of Rishawn Norwood.

2.     The trial court committed plain error by allowing the presentation of incomplete video evidence when potentially exculpatory video evidence had been destroyed or made unavailable by the party with control of the video evidence.

3.     Appellant was rendered ineffective assistance by defense counsel at trial.

4.     Appellant's conviction was based upon insufficient evidence to sustain conviction. The trial court erred by denying Appellant's Crim. R. 29 motion.

5.     The trial court erred by refusing to merge all three counts of felonious assault with the count of murder.[28]

The state filed a brief in response[29] and Taylor filed a reply.[30]  The Ohio appeals court overruled all five assignments of error and affirmed the decision of the trial court.[31]

Taylor moved for reconsideration or, in the alternative, en banc hearing on the first assignment of error.[32]  On April 13, 2015, the court denied the motion to reconsider or hear the case en banc.[33]

---

[28] *Id.* at 48.

[29] *Id.* at 70.

[30] *Id.* at 101.

[31] *Id.* at 127.

[32] *Id.* at 129.

[33] *Id.* at 140-141.

2.       *The Supreme Court of Ohio*

Taylor, through counsel, thereupon filed a timely[34] notice of appeal with the Ohio

Supreme Court.[35] In his brief in support of jurisdiction, he raised two propositions of law:

> 1.       It is plain error to fail to give the warning instruction
> regarding accomplice testimony as required by R.C.
> §2923.03(D) when the testimony of the witness was
> obtained in exchange for a negotiated benefit including an
> agreed plea to a lesser offense even when the witness is
> not indicted for conspiracy.
>
> 2.       Pursuant to State v. Johnson, when multiple offenses to
> multiple persons arise from a single act, these offenses
> are allied offenses of similar import and therefore
> merge for purposes of sentencing.

The State filed a waiver of memorandum in response.[36] On October 28, 2015, the

Supreme Court of Ohio declined jurisdiction under S. Ct. Prac. R. 7.08(B)(4).[37]

**C.       Ohio App. R. 26(B) application for reopening**

On July 10, 2015, Taylor through new counsel filed an application to reopen his appeal

under Ohio App. R. 26(B).[38] In his brief in support, Taylor argued that prior appellate

counsel was ineffective for not raising four assignments of error in the initial appeal:

---

[34]  *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be
filed within 45 days of entry of the appellate judgment for which review is sought.);
*Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day
limit) (unreported case). ECF No. 22, Attachment 1 at at 144.

[35]  ECF No. 22, Attachment 1 at 144.

[36]  *Id.* at 161.

[37]  *Id.*  at 162.

[38]  *Id.* at 163.

1.      The trial committed plain error and denied the appellant due process of law and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when it charged the jury that they must first acquit the appellant of the principal offense of murder before they could consider the lesser offense of voluntary manslaughter.[39]

2.      The trial committed plain error and denied the appellant due process of law and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when it called Anton Banks as a "court's witness." This error was compounded by improper reference by the prosecutor during closing argument that Mr. Banks was the "court's witness."[40]

3.      The trial erred and denied the appellant due process and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when it improperly allowed evidence of alleged other crimes or bad acts of the defendant.[41]

4.      The appellant was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[42]

On September 29, 2015, the Ohio Court of Appeals denied Taylor's application to reopen.[43]

On October 8, 2015, Taylor moved for the court to reconsider.[44]  The Ohio Court of

---

[39] *Id.* at 166.

[40] *Id.* at 167.

[41] *Id.* at 169.

[42] *Id.* at 171.

[43] *Id.* at 175.

[44] *Id.* at 176.

Appeals denied reconsideration on December 23, 2015.[45]

### 1.  The Supreme Court of Ohio

Taylor, through counsel, filed a timely appeal to the Supreme Court of Ohio.[46] In his brief in support of jurisdiction, Taylor raised one proposition of law:

> 1.  An application to reopen appeal pursuant to Ohio App. R. 26(B) is timely if filed within 90 days from the judgment of the court of appeals denying a timely motion for reconsideration of their decision.[47]

The State filed a waiver of memorandum in response.[48]  On March 23, 2016, the Supreme Court of Ohio declined jurisdiction pursuant to S. Ct. Prac. R. 7.08(B)(4).[49]

### D.  Second delayed Ohio App. R. 26(B) application for reopening

Taylor, through counsel, filed a second delayed application to reopen his appeal pursuant to Ohio App. R. 26(B).[50]  In his brief in support, Taylor raised the following five assignments of error:

> 1.  It was plain error under Crim R 52 and a violation of the Sixth and Fourteenth Amendments of the U.S. Constitution, Art. I Sec. 10 of the Ohio Constitution to charge the jury that it must first acquit of Murder before

---

[45] Id. at 179.

[46] Id. at 181.

[47] Id.  at 186.

[48] Id.  at 199.

[49] Id. at 200.

[50] Id.  at 201.

considering Involuntary Manslaughter.[51]

2.    The trial court erroneously instructed that if the State failed to prove ALL of the elements of Murder, then the verdict must be not guilty in violation of the Sixth and Fourteenth Amendments of the federal Constitution.[52]

3.    Counsel were ineffective under the Sixth and Fourteenth Amendments of the U.S. Constitution when they failed to object to Anton Banks being called as a "court's witness" and it was plain error under Crim R [sic] 52 and State v. Adams, 62 Ohio St.2d 151 (1980).[53]

4.    The trial court erred to the prejudice of the appellant and in violation of Due Process and a fair trial when it allowed 'other acts' evidence in violation of the Sixth and Fourteenth Amendments of the federal Constitution.[54]

5.    Direct appeal and trial counsel failed to preserve the accomplice liability jury instruction issue as a federal constitutional issue such that Taylor is entitled to a complete defense and complete jury instructions under the Sixth and Fourteenth Amendments of the U.S. Constitution.[55]

On January 20, 2017, the Ohio Court of Appeals denied the application.[56]

---

[51] *Id.* at 205.

[52] *Id.* at 207.

[53] *Id.* at 208.

[54] *Id.* at 209.

[55] *Id.* The Summit County Clerk of Court represented that page 9 was missing from Exhibit 39 (*Id.* at 201-258). This Court granted Taylor's motion to expand the record with a complete copy of his application to reopen appeal under App. R. 26 (B)(2)(b) (without exhibits). ECF No. 27.

[56] ECF No. 22, Attachment 1 at 259.

### 1.    *The Supreme Court of Ohio*

Taylor, through counsel, timely appealed to the Supreme Court of Ohio.[57] In his memorandum in support of jurisdiction, Taylor raised the following two propositions of law:

1.    An untimely App. R 26(B) application filed without an offer of "good cause" is a nullity and a delayed App. R. 26(B) application filed with "good cause" is not successive and must be decided in accordance with App. R. 26(B) rather than dismissed as successive.

2.    The six assignments of error the lower court should have decided in accordance with App. R. 26(B) raised a genuine issue of counsel's Constitutional effectiveness under the Sixth and Fourteenth Amendments of the federal Constitution.[58]

On May 17, 2017, the Supreme Court of Ohio declined jurisdiction pursuant to S. Ct. Prac. R. 7.08(B)(4).[59]

## E.    Petition for writ of habeas corpus

On October 24, 2016, Taylor, through counsel, timely filed[60] a federal petition for habeas relief.[61] As noted above, he raises seven grounds for relief:

**GROUND ONE:**        It was plain error under Crim R 52 and a violation of the Sixth and Fourteenth

---

[57] *Id.* at 261.

[58] *Id.*  at 264.

[59] *Id.* at 278.

[60]  The present petition for federal habeas relief was filed on October 24, 2016.  ECF No. 1.  As such, it was filed within one year of the conclusion of Taylor's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[61] ECF No. 1.

-10-

Amendments of the U.S. Constitution, Art. I Sec. 10 of the Ohio Constitution to charge the jury that it must first acquit of Murder before considering Involuntary Manslaughter.[62]

**GROUND TWO:** The trial court erroneously instructed that if the State failed to prove ALL of the elements of Murder, then the verdict must be not guilty in violation of the Sixth and Fourteenth Amendments of the federal Constitution.[63]

**GROUND THREE:** Counsel were ineffective under the Sixth and Fourteenth Amendments of the U.S. Constitution when they failed to object to Anton Banks being called as a "court's witness" and it was plain error under Crim R 52 and *State v. Adams*, 62 Ohio St.2d 151 (1980).[64]

**GROUND FOUR**: The trial court erred to the prejudice of the appellant and in violation of Due Process and a fair trial when it allowed 'other acts' evidence in violation of the Sixth and Fourteenth Amendments of the federal constitution.[65]

**GROUND FIVE:** Counsel failed to preserve the accomplice liability jury instruction issue as a federal constitutional issue such that Taylor is entitled to a complete defense and complete jury instructions under the Sixth

---

[62] *Id.* at 20.

[63] *Id.* at 22.

[64] *Id.* at 23.

[65] *Id.* at 24.

-11-

and Fourteenth Amendments of the U.S. Constitution.[66]

**GROUND SIX:** Appellate counsel was constitutionally ineffective in failing to inform Taylor of the deadline for filing a post-conviction petition under ORC 2953.21 to his prejudice in violation of Sixth and Fourteenth Amendment of the federal Constitution, *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) and *Williams v. Lazaroff*, Case No. 14-3441, 5-12-16, unpublished, *Martinez* and *Trevino*.[67]

**GROUND SEVEN:** Taylor was improperly punished for multiple offenses stemming from one criminal act in violation of the Double Jeopardy Clause of the U.S. Constitution.[68]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Taylor is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[69]

2.    There is also no dispute, as detailed above, that this

---

[66] *Id.* at 25.

[67] *Id.* at 26.

[68] *Id.* at 27.

[69] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

petition was timely filed under the applicable statute.[70]

3.      In addition, Taylor states,[71] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[72]

4.      Moreover, subject to the arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[73]

5.      Finally, because Taylor is represented by counsel, he has not requested the appointment of counsel,[74] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[75]

## B.      Standard of review

### 1.      *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[76]  Such a claim may be subject to procedural default if a petitioner failed to raise it

---

[70] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[71] *See*, ECF No. 1 at 12.

[72] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[73] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[74] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[75] 28 U.S.C. § 2254(e)(2).

[76] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

when state court remedies were still available or the petitioner violated a state procedural rule.[77]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[78]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[79] presenting his or her claim to "*each* appropriate state court."[80]  A petitioner may not seek habeas relief, then, if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[81]

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[82]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[83]

---

[77] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[78] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[79] *Boerckel*, 526 U.S. at 845.

[80] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[81] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)) (internal quotation marks omitted).

[82] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[83] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

(1)  "[T]here must be a state procedure in place that the petitioner failed to follow."[84]

      (2)  "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[85]

      (3)  "[T]he state procedural rule must be an 'adequate and independent state ground,'[86] that is both 'firmly established and regularly followed.'"[87]

      (4)  The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[88]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[89]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[90]

---

[84] *Id.* (citing *Maupin*, 785 F.2d at 138).

[85] *Id.*

[86] *Id.* (quoting *Maupin*, 785 F.2d at 138) ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732)).

[87] *Id.* (citation omitted).

[88] *Id.* (quoting *Coleman*, 501 U.S. at 750)).

[89] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[90] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

Additionally, "a credible showing of actual innocence" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[91]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[92]

## C.    Application of standard

### 1.    *Grounds One, Two, Three, Four, and Six are procedurally defaulted for not being presented to the Supreme Court of Ohio on direct review.*

The State maintains that Grounds One, Two, Three, Four, and Six are procedurally defaulted because, in his timely appeal to the Ohio Supreme Court on direct appeal, Taylor only raised two issues – jury instructions on accomplice liability and merger of allied offenses for sentencing – and not the five claims[93] identified above.[94]  The State argues that by failing

---

[91] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[92] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[93] Jury instruction error as to dealing with murder and involuntary manslaughter (Ground One); jury instruction error as to mandating acquittal if not all elements of murder charge are proven (Ground Two); ineffective assistance of trial counsel for not objecting to testimony of Anton Banks (Ground Three); introduction of "other acts" evidence (Ground Four); and ineffective assistance of appellate counsel as to failing to inform Taylor of the deadline for filing a post-conviction petition (Ground Six).

[94] ECF No. 22 at 11-13.

to raise these five claims to the Supreme Court of Ohio on direct appeal, Taylor did not afford the Ohio courts the opportunity to pass on these claims in one full round of the state's established appellate review procedure.[95]

Taylor, in his traverse, does not dispute the fact that these five grounds were not included in his appeal to the Ohio Supreme Court on direct review.[96]  Instead, he argues first that the Ohio Supreme Court did have the opportunity to address these claims because the issues were listed in his second Rule 26(B) application as reasons why his appellate counsel was ineffective.[97]  He contends that although the first Rule 26(B) application was denied as untimely, with Taylor offering no good reason to the appeals court for that untimeliness, this Court should consider the first application "a nullity" and review, on the merits as habeas claims, the underlying instances of claimed ineffective assistance set out in the second Rule 26(B) application or remand the second Rule 26(B) application to Ohio courts "for proper review."[98]  As noted above, the Ohio appeals court denied the second Rule 26(B) application as an unauthorized successive petition without addressing its claims.

While Taylor's arguments here may be seen as creative or even novel, they are not persuasive.  Including substantive claims of ineffective assistance of counsel within a Rule

---

[95] *Id.* (citing *O'Sullivan v. Boerkel*, 526 U.S. 838, 847 (1999); *Jacobs v. Mohr*, 265 F.3d 407 (6th Cir. 2001); *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985)).

[96] *See* ECF No. 26 at 4.

[97] *Id.*

[98] *Id.*

26(B) application does not preserve those claims as stand alone grounds for consideration on the merits in a federal habeas proceeding.  As the Sixth Circuit clearly stated in *Davie v. Mitchell*:[99]

> As this court has previously noted, however, bringing an ineffective assistance of counsel claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because "the two claims are analytically distinct." Thus, a Rule 26(B) application "based on ineffective assistance cannot function to preserve" the underlying substantive claim.[100]

The *Davie* decision continued:

> The mere fact that Davie's substantive "acquittal-first" claim was included as an underlying assignment of error in the Rule 26(B) application does not, given the comity and federalism concerns implicated in habeas cases, justify reaching the merits of that claim. Although determination of whether appellate counsel was ineffective for failing to raise a substantive claim may, in some cases, involve an inquiry into the merits of the underlying substantive claim, the fact remains that the two claims are "analytically distinct" for purposes of the exhaustion and procedural default analysis in habeas review. [101]

Of course, the question of whether substantive grounds supporting a claim of  ineffective assistance may later be considered on the merits as independent federal habeas claims is relevant here only if Taylor can first overcome the fact that his initial Rule 26(B) application was denied as untimely and then deal with the fact that the claims he now wishes to present were included in a second Rule 26(B) application that was denied as an unauthorized

---

[99] 547 F.3d 297 (6th Cir. 2008).

[100] *Id.* at 312 (internal citations omitted).

[101] *Id.* at 313.

successive application. He attempts to accomplish both tasks by claiming that the reason the first application was untimely was because of counsel's ineffective assistance, and then arguing that because the untimeliness of the first application was with "cause," it should have been treated as a "nullity," making the second in time application *de facto* primary and not secondary.

In essence, Taylor is inviting the federal habeas court to ignore the rulings of Ohio courts that applied Ohio's own timeliness rules to resurrect a dismissed petition, and to do so on the grounds that he received ineffective assistance of counsel in filing the initial Rule 26(B) application.[102] Even if these amazing feats could somehow be accomplished, the resurrected claims could not be considered here on their merits as habeas claims. But using ineffective assistance during the first Rule 26(B) application as the ignition for the rest of the fantastic journey is a non-starter since there is no constitutional right to counsel in Rule 26(B) proceedings.[103]

In the end, this additional argument is merely a second effort at getting this Court to consider the merits of the underlying claims behind the ineffective assistance ground raised in the denied second Rule 26(B) application.. This alternate route is no more effective at reaching Taylor's objective than the initial effort.

Accordingly, given the uncontested facts in this record, as understood in light of the plain teaching of *Davie*, Grounds One, Two, Three, Four, and Six of Taylor's petition are

---

[102] ECF No. 26 at 4.

[103] *Lopez v. Wilson*, 426 F.3d 339, 354 (6th Cir. 2005) (en banc).

procedurally defaulted for failure to present them to the Supreme Court of Ohio, and should be dismissed.

**2.      *Ground Five is procedurally defaulted for not having been first raised as a contemporaneous objection at trial.***

Ground Five asserts that Taylor was denied his constitutional right to present a complete defense when the trial judge failed to include a jury instruction concerning accomplice liability. As noted above, this issue was raised on plain error grounds in Taylor's direct appeal.[104]  The Ohio appellate decision stated that "[b]ecause Taylor did not object to the jury instructions at trial, we may only recognize error that affects a substantial right as necessary to prevent a manifest miscarriage of justice."[105]  Under that standard, the Ohio appeals court extensively analyzed the relevant facts and law, concluding that "although it was error for the trial court to omit an accomplice instruction, under the circumstances of this case, we cannot conclude that doing so rose to the level of plain error because we are not persuaded that had the trial court given the instruction, a different outcome would have resulted."[106]

The State observes that the situation here involves the initial recognition by the Ohio appeals court that full appellate review of this claim is barred by the procedural default created by Taylor's failure to make a contemporary objection at trial.  The Ohio court then analyzed and rejected the claim under the plain error standard.

---

[104] *State v. Taylor*, No. 27273, 2015 WL 461869 (Ohio Ct. App. Feb. 4, 2015).

[105] *Id.* at *3.

[106] *Id.* at *5.

The United States Supreme Court has stated that a plain error review by state courts, conducted after recognizing the existence of a procedural bar to full merits review, does not later subject the claim to full merits review by a federal habeas court.[107]  In such a case, the federal habeas court is to honor the state court holding that full review is barred by a procedural default, where that default is based on an adequate and independent state law basis.[108]

Here, Ohio has a long-standing and consistently applied contemporaneous objection rule prohibiting full appellate review of a claim based on something not objected to at trial.[109] This contemporaneous objection rule has been held to be an adequate and independent state law basis for foreclosing federal habeas review, absent a showing of cause and prejudice.[110] As stated earlier, Taylor's violation of that rule was specifically relied on by the Ohio court as the reason for conducting only plain error review.

Accordingly, on the facts and law cited above, Ground Five is procedurally defaulted and so should be dismissed.

---

[107] *Scott v. Mitchell*, 209 F.3d 854, 867 (6th Cir. 2000) (quoting *Harris v. Reed*, 489 U.S. 255, 257 (1989)).

[108] *Id.*

[109] *See State v. Murphy*, 91 Ohio St. 3d 516, 532 (2001).

[110] *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

## Conclusion

For the foregoing reasons, I recommend that the petition of Dontay A. Taylor for a writ of habeas corpus be dismissed in its entirety as procedurally defaulted.


Dated: December 31, 2018                              s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[111]

---

[111] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).